IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE TACHIBANA, LISA TACHIBANA, ALBERT LEONG, ROGER BRAUN, MARK SCRIBNER, YVETTE C. SCRIBNER, ROBERT R BRAY, JOHANNE BRAY, ALVA E. BLAKE, and PUANANI BLAKE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COLORADO MOUNTAIN DEVELOPMENT, INC. dba LONE OAK LAND DEVELOPMENT COMPANY, L.P.; LONE OAK LAND MANAGEMENT COMPANY, LLC; WILLIAM HANNAH; DOE DEFENDANTS 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE GOVERNMENTAL AGENCIES 1-20; DOE AGENCIES 1-20; and OTHER ENTITIES 1-20.<br><br>　　　　　Defendants.<br>_____ | Civ. No. 07-00364 SPK-BMK<br><br>FINDING AND RECOMMENDATION THAT MOTION FOR REMAND BE DENIED |

FINDING AND RECOMMENDATION THAT MOTION FOR REMAND BE
<u>DENIED</u>

Before the Court is Plaintiffs' motion to remand this case to state court. The motion was heard on September 28, 2007. After careful consideration

of the motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS that Defendant William Hannah ("Hannah") was a citizen of Colorado on June 1, 2007, and that diversity of citizenship does exist in this case. Accordingly, the Court RECOMMENDS that Plaintiffs' motion for remand be DENIED.

## BACKGROUND

The basic facts in this case are undisputed. In November, 2006, William Hannah ("Hannah") moved from Colorado to Kauai, where he took up residence with his two daughters. On June 1, 2007, Plaintiffs filed an action against Hannah and several companies in which he was involved in the Fifth Circuit Court of the State of Hawaii. On July 6, 2007, Defendants removed this case to federal court on the basis of diversity of citizenship. Plaintiffs now contest that diversity and move for remand.

## RELEVANT LAW

When a case over which a federal district court has original subject matter jurisdiction is filed in state court, the defendants may remove it to federal court. 28 U.S.C. § 1441(b). Where removal is not proper, the case must be remanded to state court. See 28 U.S.C. § 1447(c) (2000). The removal statue is

strictly construed in favor of remand and there is a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal district courts have original jurisdiction over all civil actions when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 USC 1332(a)(1). Complete diversity of citizenship requires that all properly joined defendants not be citizens of the same state as any of the plaintiffs. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Citizenship is determined not merely by residence, but by a person's domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to where she intends to return." Id. A person may reside in a certain state without necessarily being domiciled in that state. Id. For the purposes of diversity jurisdiction, domicile is determined as of the time the original action is filed. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

The party asserting diversity jurisdiction bears the burden of proving domicile. Id. However, there is a presumption in favor of a party's established domicile, and against the acquisition of a new domicile. Id. Thus, when a defendant asserting jurisdiction bases a claim of citizenship on an established

domicile, the burden shifts to the plaintiff to produce some evidence that the defendant has acquired a new domicile. See id.

## DISCUSSION

Defendants assert federal jurisdiction on the ground that Hannah's eight month stay in Kauai did not change his domicile from Colorado to Hawaii. As the party asserting jurisdiction, Defendants bear the ultimate burden of proving that Mr. Hannah was a citizen of Colorado as of June 1, 2007. However, because Plaintiffs' motion for removal argues that Hannah changed his domicile from Colorado to Hawaii when he moved to Kauai, Plaintiffs have the initial burden of production to come forward with some facts which, if uncontroverted, would show that Hannah was domiciled in Hawaii.

Plaintiffs have met that initial burden of production. They point to the fact that Hannah enrolled his two daughters in school on Kauai, his shipment of two cars to Kauai from Colorado at considerable expense, that he signed a one-year lease for the house he lived in, and the fact that he employed several people in a de facto construction business on Kauai. These facts do present certain indicia of

domicile, and so the burden shifts back to Defendants to overcome the evidence produced by Plaintiffs.[1]

Defendants meet that burden. First, they provide plausible reasons to show that the facts Plaintiffs point to are not necesarily inconsistent with an intent to remain a citizen of Colorado. Defendants argue that in enrolling his daughters in school, Hannah was merely fulfilling his duty as a parent, that shipping cars and signing a one-year lease may well have been the best options available to Hannah under the circumstances, and that an intent to remain permanently in Hawaii cannot be inferred either from working, or from employing others.

More importantly, Defendants point to several facts which strongly indicate that Hannah did not intend to remain indefinitely in Hawaii. He did not change his vehicles' registration from Colorado to Hawaii, he did not change his driver's license from Colorado to Hawaii, and he did not change his cell phone number from a Colorado number to a Hawaii number. While Hannah did receive some mail at his Hawaii address, he also continued to receive mail in Colorado,

---

[1]The Court notes that at the hearing on this motion, Plaintiffs' counsel presented persuasive arguments as to why Hannah's declarations about his intent are entitled to little credibility. These arguments mirror the case law on this matter, which states that domicile is to be evaluated by "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." Lew, 797 F.2d 747, 750 (9th Cir. (quoting Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985)). Therefore, while the Court takes note of Hannah's statements of his intent, the Court accords them little weight.

and did not formally register a change of address with the United States Postal Service.  Finally, Hannah did not purchase furnishings or appliances for his house on Kauai, but merely rented them.  Taken together, all of these facts convince the Court that Hannah did not intend to permanently remain in Hawaii.

## CONCLUSION

For the reasons discussed above, the Court FINDS that Hannah's domicile was in Colorado, not Hawaii, on June 1, 2007.  Accordingly, diversity jurisdiction exists, and the Court RECOMMENDS that Plaintiffs' motion for remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: October 1, 2007

Tachibana v. Colorado Mountain Development, Inc.; Civ. No. 07-00364 SPK-BMK; FINDING AND RECOMMENDATION THAT MOTION FOR REMAND BE DENIED.