Of Counsel:

BAYS DEAVER LUNG
  ROSE & HOLMA

| | |
|---|---|
| CRYSTAL K. ROSE | 3242-0 |

Attorney at Law
A Law Corporation

| | |
|---|---|
| MICHAEL C. CARROLL | 7583-0 |

Attorney at Law
A Law Corporation

| | |
|---|---|
| DAVID R. MAJOR | 9194-0 |

Alii Place, 16th Floor
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 523-9000
Email: crose@legalhawaii.com
Email: mcarroll@legalhawaii.com
Email: dmajor@legalhawaii.com

Attorneys for Defendants Jerry Dunn and
Colorado Mountain Development, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE TACHIBANA, LISA TACHIBANA, ALBERT LEONG, ROGER BRAUN, MARK SCRIBNER, YVETTE C. SCRIBNER, ROBERT R. BRAY, JOHANNE BRAY, ALVA E. BLAKE, and PUANANI BLAKE aka HELEN PUANANI BLAKE,<br><br>     Plaintiffs, | CIVIL NO. CV 07-00364 SPK BMK<br>(Contract)<br><br>CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN DEVELOPMENT, INC'S FINDINGS AND RECOMMENDATION GRANTING CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN |

|  |  |
|---|---|
| vs. | *(caption continued on next page)* |
| COLORADO MOUNTAIN DEVELOPMENT, INC. dba LONE OAK LAND DEVELOPMENT COMPANY, L.P. LONE OAK LAND MANAGEMENT, LLC, C.M.D. MANAGEMENT, INC., 3D RESORTS, INC., WILLIAM HANNAH, BANK OF AMERICA, N.A., JERRY DUNN, in his Personal Capacity, DOE DEFENDANTS 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE GOVERNMENTAL AGENCIES 1-20; DOE AGENCIES 1-20; and OTHER ENTITIES 1-20, | DEVELOPMENT, INC'S MOTION FOR DEFAULT JUDGMENT AGAINST CROSS-CLAIM DEFENDANT WILLLIAM HANNAH FILED FEBRUARY 24, 2010 [#297] |
| | Hearing |
| | Date:  April 2, 2010 |
| | Time:  9:00 a.m. |
| | Judge: The Honorable Samuel P. King |
| | Trial: June 29, 2010 |
| | Judge: The Honorable Samuel P. King |
| Defendants. | |

CROSS-CLAIMANTS JERRY DUNN AND
COLORADO MOUNTAIN DEVELOPMENT, INC'S FINDINGS AND
RECOMMENDATION
GRANTING CROSS-CLAIMANTS JERRY DUNN AND
COLORADO MOUNTAIN DEVELOPMENT, INC'S
MOTION FOR DEFAULT JUDGMENT AGAINST CROSS-CLAIM
DEFENDANT WILLLIAM HANNAH FILED FEBRUARY 24, 2010 [#297]

This Court, having heard this matter on April 2, 2010, and after due and careful consideration of all statements of position, motions, and legal arguments submitted, the Court FINDS that Cross-claim Defendant William Hannah ("Hannah") has admitted the allegations against him by failing to respond to Jerry Dunn and Colorado Mountain Development, Inc.'s ("Cross-claimants")

2

103660

Motion for Default Judgment filed on February 24, 2010.  Accordingly, the Court RECOMMENDS that the Cross-claimants' Motion for Default Judgment against Hannah be GRANTED.

## BACKGROUND

On September 14, 2009, Jerry Dunn filed Cross-claims against William Hannah ("Hannah").  See Doc. No. 177.  Hannah was served with the Cross-claim via CM/ECF on September 14, 2009.  See Doc. No. 177.  Hannah's answer to the Cross-claim was due October 5, 2009.  Hannah did not file an answer to the Cross-claim nor did he notify any of the parties or the Court on or before October 5, 2009.

On February 12, 2010, the Cross-claimants filed a Request for Entry of Default against Hannah.  See Doc. No. 261.  Hannah was served with the Request for Entry of Default by U.S. mail on February 12, 2010.  See Doc. No. 261-3.  On that same day, the Clerk of the Court signed an Entry of Default against Hannah.  See Doc. No. 291.

On February 24, 2010, Cross-claimants filed a Motion for Default Judgment against Hannah.  See Doc. No. 297.  Hannah was served with the Motion for Default Judgment by U.S. mail on February 14, 2010.  See Doc. No. 297-3.  Hannah's Opposition to Cross-claimants' Motion for Default Judgment was due on

3

March 11, 2010. Hannah failed to respond to Cross-claimants' Motion for Default Judgment or notify any of the parties or the Court on or before March 11, 2010.

A hearing on Cross-claimants' Motion for Default Judgment against Hannah was held before the Honorable Barry M. Kurren at 9:00 a.m. on April 2, 2010. Hannah did not appear before the Court. At the hearing the Court advised David R. Major, Esq. to draft this Proposed Finding and Recommendation granting Cross-claimants' Motion for Default Judgment against Hannah.

## RELEVANT LAW

Default Judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the [FRCPs]." New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). After the default has occurred a party may request that the Clerk of the Court sign an Entry of Default. See Fed. R. Civ. Pro. § 55(a). "After defendant's default has been entered, plaintiff may apply for a judgment based on such default. Brown, 84 F.3d at 141. Once such an application has been made, the Court may grant default judgment pursuant to Fed. R. Civ. Pro. § 55(b).

An uncontested Entry of Default is deemed an admission of the factual allegations in the Cross-claim. The great weight of authority is that proof

4

103660

of the defendant's liability is unnecessary, since the entry of default is said to admit the truth of the allegations in the pleading.  See City of New York v. Adventure Outdoors, Inc., 644 F. Supp. 2d 201(E.D.N.Y. 2009) (When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability); International Painters and Allied Trades Industry Pension Fund v. R.W. Amrine Drywall Co., Inc., 239 F. Supp. 2d 26 (D.D.C. 2002) (Defaulting defendant is deemed to admit every well-pleaded allegation in the complaint); Wing v. East River Chinese Restaurant, 884 F. Supp. 663 (E.D.N.Y. 1995) (A defaulting defendant admits every well-pleaded allegation of complaint).

## DISCUSSION

Cross-claimants asserted in the Cross-claim that they are entitled to indemnification, contribution, subrogation, and reimbursement from Hannah should a judgment be rendered in favor of the Plaintiffs in this litigation. Mr. Hannah has failed to respond to the Cross-claim and an Entry of Default was signed by the Clerk of the Court on February 12, 2010.

As the law above states, the Entry of Default stands as an admission of the allegations in the Cross-claim.  Hannah has admitted that, should the

Plaintiffs successfully obtain a judgment, he will be required to indemnify the Cross-claimants. More specifically, Hannah's admissions are as follows:

> If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and/or damages were caused by acts or omissions on the part of Cross-claim Defendants, and Dunn was in no way at fault or liable.
>
> If Dunn was in any way negligent or at fault in any manner, such negligence or other fault was secondary and passive only, and the negligence or other fault of Cross-claim Defendants were active and primary.
>
> Based on the foregoing, if any judgment is recovered against Dunn, such damages, costs, expenses and attorneys' fees will have been caused by Cross-claim Defendants, for which Dunn is entitled to indemnification, contribution, subrogation and/or reimbursement from Cross-claim Defendants for the entire amount of such judgment, if any, rendered against Dunn together with expenses, costs and attorneys' fees.

See Doc. No. 177 at ¶¶ 15-17. With the above allegations admitted by Hannah, Default Judgment is warranted and should the Plaintiffs obtain an award against the Cross-claimants, the Cross-claimants are entitled to indemnification, contribution, subrogation, and reimbursement by Hannah. As Hannah has repeatedly failed to participate in this litigation and has admitted the allegations in the Cross-claim, this Court RECOMMENDS that that the Cross-claimants' Motion for Default Judgment be GRANTED.

103660

## CONCLUSION

For the reasons discussed above, the Court FINDS that Hannah has admitted the allegations in the Cross-claimants' Cross-claim by failing to respond to the Cross-claim and the Motion for Default Judgment. Accordingly, the Court RECOMMENDS that the Cross-claimants' Motion for Default Judgment against Hannah be GRANTED and ENTERED as follows:

    A.    That if Plaintiffs are entitled to judgment or any other forms of relief arising from the subject matter of this litigation, such judgment or relief be rendered against Hannah, and not against the Cross-claimants;

    B.    That if it be determined that Plaintiffs are entitled to judgment against the Cross-claimants, then the Cross-claimants have judgment over and against Hannah, for the full amount of any such judgment or other relief awarded to Plaintiffs together with reasonable attorneys' fees, costs, and expenses of suit;

    C.    That if it be determined that the Cross-claimants are, in any way, joint tortfeasors or otherwise co-obligors for damage or relief, if any, to Plaintiffs, then the allocation of fault of the Cross-claimants and Hannah be determined and the Cross-claimants have judgment against Hannah, for any excess which may be paid by the Cross-claimants over and above its allocated share of any judgment or relief, if any; and

103660

D.  That the Cross-claimants have judgment over and against Hannah for indemnification, contribution, subrogation, and/or reimbursement for the entire amount of the Plaintiffs' judgment, if any, rendered against Cross-claimants together with expenses, costs and attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 10, 2010

_____
*Lawrence Tachibana, et al. v. Colorado Mountain Development, Inc., et al.*, Civil No. 07-00364 SPK-BMK; CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN DEVELOPMENT, INC'S FINDINGS AND RECOMMENDATION GRANTING CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN DEVELOPMENT, INC'S MOTION FOR DEFAULT JUDGMENT AGAINST CROSS-CLAIM DEFENDANT WILLLIAM HANNAH FILED FEBRUARY 24, 2010 [#297]