LAW OFFICES OF PHILIP R. BROWN

PHILIP R. BROWN      6154
EFFIE A. STEIGER      8833
Pauahi Tower, Suite 2005
1003 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: (808) 523-5900

Attorneys for Plaintiffs
LAWRENCE TACHIBANA, LISA TACHIBANA,
ALBERT LEONG, ROGER BRAUN, ROBERT R. BRAY,
JOHANNE BRAY, and Counterclaim Defendants
LAWRENCE TACHIBANA and
LISA TACHIBANA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE TACHIBANA, LISA TACHIBANA, ALBERT LEONG, ROGER BRAUN, ROBERT R. BRAY, JOHANNE BRAY,<br><br>           Plaintiffs,<br><br>vs.<br><br>COLORADO MOUNTAIN DEVELOPMENT, INC. dba LONE OAK LAND DEVELOPMENT COMPANY, L.P., LONE OAK LAND MANAGEMENT, LLC, C.M.D. MANAGEMENT, INC., 3D RESORTS, INC., WILLIAM HANNAH; BANK OF AMERICA, N.A., JERRY DUNN, in his Personal Capacity, | CIVIL NO. CV 07-00364 MEA BMK (Contract)<br><br>**PLAINTIFFS LAWRENCE TACHIBANA, LISA TACHIBANA, ALBERT LEONG, ROGER BRAUN, ROBERT R. BRAY, JOHANNE BRAY AND COUNTERCLAIM DEFENDANTS LAWRENCE AND LISA TACHIBANA'S OBJECTION TO CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN DEVELOPMENT, INC'S FINDINGS AND RECOMMENDATION GRANTING CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN DEVELOPMENT, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST CROSS-CLAIM DEFENDANT WILLLIAM HANNAH FILED MAY 11, 2010 [#397] FILED ON MAY 11, 2010;** |

F:Villages/Pleading/Objection to Findings Re Hannah Default Mtn

[CAPTION CONTINUED]

| | |
|---|---|
| COLORADO MOUNTAIN DEVELOPMENT, INC., LONE OAK LAND DEVELOPMENT COMPANY, L.P., LONE OAK LAND MANAGEMENT, LLC, C.M.D. MANAGEMENT, INC.,<br><br>　　　　Counterclaimants,<br><br>vs.<br><br>LAWRENCE TACHIBANA, LISA TACHIBANA,<br><br>　　　　Counterclaim Defendants,<br>――――――――――――――――<br>WILLIAM HANNAH,<br><br>　　　　Counterclaimant,<br><br>vs.<br><br>LAWRENCE TACHIBANA, LISA TACHIBANA,<br><br>　　　　Counterclaim Defendants,<br>――――――――――――――――<br>BANK OF AMERICA, N.A.,<br><br>　　　　Counterclaimant,<br><br>vs.<br><br>LAWRENCE TACHIBANA, LISA TACHIBANA,<br><br>　　　　Counterclaim Defendants,<br>――――――――――――――――<br>BANK OF AMERICA, N.A.,<br><br>　　　　Cross-Claimant,<br><br>vs.<br><br>COLORADO MOUNTAIN DEVELOPMENT, INC. dba LONE OAK LAND DEVELOPMENT COMPANY, L.P., LONE OAK LAND MANAGEMENT, LLC, C.M.D. MANAGEMENT, INC., 3D RESORTS, INC., WILLIAM HANNAH, JERRY DUNN, in his Personal Capacity,<br><br>　　　　Cross-Claim Defendants, | **DECLARATION OF PHILIP R. BROWN; EXHIBITS "A" – "H"; CERTIFICATE OF SERVICE**<br><br>Trial Date: _____<br>Judge: 　　The Honorable<br>　　　　　Marvin E. Aspen |

[CAPTION CONTINUED]

1

| | |
|---|---|
| C.M.D. MANAGEMENT, INC., | ) |
| Counterclaimants, | ) |
| vs. | ) |
| LAWRENCE TACHIBANA, LISA TACHIBANA, | ) |
| Counterclaim Defendants, | ) |
| 3D RESORTS, INC., | ) |
| Counterclaimants, | ) |
| vs. | ) |
| LAWRENCE TACHIBANA, LISA TACHIBANA, | ) |
| Counterclaim Defendants, | ) |
| JERRY DUNN, | ) |
| Cross-Claimant, | ) |
| vs. | ) |
| COLORADO MOUNTAIN DEVELOPMENT, INC. dba LONE OAK LAND DEVELOPMENT COMPANY, L.P., LONE OAK LAND MANAGEMENT, LLC, C.M.D. MANAGEMENT, INC., 3D RESORTS, INC., WILLIAM HANNAH, BANK OF AMERICA, N.A. | ) |
| Cross-Claim Defendants. | ) |

**PLAINTIFFS LAWRENCE TACHIBANA, LISA TACHIBANA, ALBERT LEONG, ROGER BRAUN, ROBERT R. BRAY, JOHANNE BRAY AND COUNTERCLAIM DEFENDANTS LAWRENCE AND LISA TACHIBANA'S OBJECTION TO CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN DEVELOPMENT, INC'S FINDINGS AND RECOMMENDATION GRANTING CROSS-CLAIMANTS JERRY DUNN AND COLORADO MOUNTAIN DEVELOPMENT, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST CROSS-CLAIM DEFENDANT WILLLIAM HANNAH FILED MAY 11, 2010 [#397] FILED ON MAY 11, 2010**

## I. INTRODUCTION

Pursuant to Fed R. Civ. P. 72(b) and Local Rule 6.02, Plaintiffs LAWRENCE TACHIBANA, LISA TACHIBANA, ALBERT LEONG, ROGER BRAUN, ROBERT R. BRAY, and JOHANNE BRAY, and Counterclaim Defendants LAWRENCE TACHIBANA and LISA TACHIBANA (collectively "Plaintiffs") by and through their undersigned counsel, the Law Offices of Philip R. Brown, hereby object to Cross-Claimants Jerry Dunn and Colorado Mountain Development, Inc.'s Findings and Recommendation Granting Cross-Claimants Jerry Dunn and Colorado Mountain Development, Inc.'s Motion for Default Judgment Against Cross-Claim Defendant William Hannah Filed February 24, 2010 (#297) (filed on May 11, 2010) (the "Findings and Recommendation") (a copy of which is attached to the Brown Dec. as Exh. "A") as follows:

## II. STANDARD OF REVIEW

"A motion for default judgment is a dispositive motion, requiring the issuance of a findings and recommendations by the magistrate judge." Valvanis v. Milgroom, CIV No. 06-00144 JMS-KSC., 2008 WL 2150952 (D.Hawai'i, May 20, 2008) *citing* Conetta v National Hair Care Ctr., Inc., 236 F.3d 67, 72-72 (1st Cir., 2001); Callier v Graty, 167 F.3d 977, 980 (6th Cir., 1999). "When a party objects to a magistrate judge's findings or recommendations, the district court may review de novo those portions to which the objection is made." Id.; *see also* L.R. 74.2 ("A district judge shall make a de novo determination of those portions of the report or specified

1

findings or recommendations to which objection is made and may accept, reject or modify, in whole or in part, the finding or recommendations made by the magistrate judge.").

"De novo review requires the Court to consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered." Yokoyama v. Midland Nat. Life Ins. Co. 243 F.R.D. 400, 405 (D. Hawaii, 2007) citing United States v. Silverman, 861 F.2d. 571, 576 (9th Cir. 1988).

### III. DISCUSSION

#### A. COLORADO Never Filed a Crossclaim Against HANNAH And Therefore Cannot Default HANNAH.

The Findings and Recommendation reflects a default by Defendant/Counterclaimant/Cross-Claim Defendant WILLIAM HANNAH ("HANNAH") to a cross-claim by Defendant/Cross-Claim Defendant/Cross-Claimant JERRY DUNN and a cross-claim purportedly filed by Defendant/Counterclaimant/Cross-Claim Defendant COLORADO MOUNTAIN DEVELOPMENT, INC. ("COLORADO"). Plaintiffs can find no Court record of COLORADO ever filing a Cross-Claim against HANNAH. Doc. No. 177 is clearly a cross-claim by DUNN. Brown Dec. ¶ 11. Nevertheless, in the Findings and Recommendation, the Court finds the following:

> On February 12, 2010, the Cross-claimants filed a Request for Entry of Default against Hannah. See Doc. No. 261. Hannah was served with the Request for Entry of Default by U.S. mail on February 12, 2010. See Doc. No. 261-3.[1] On that same day, the Clerk of the Court signed an Entry of Default against Hannah. See Doc. No. 291.

Findings and Recommendations at p. 3, ¶ 3, Brown Dec. Exh. "A" (emphasis in original).

In so doing, the Court was relying on the good faith filing of DUNN and COLORADO's counsel. *See* Declaration of David A. Major dated February 24, 2010 in support of DUNN and

---

[1] A review of Doc Nos. 261 through 263 indicates that they are irrelevant to this Objection. Brown Dec. Exhs. "D"-"F."

2

COLORADO's Motion for Default Judgment filed on February 24, 2010 ¶¶ 4 – 5. However, the Request for Entry of Default referenced by DUNN and COLORADO entered by the Clerk of the Court (Doc. 291) was filed **only by Defendant DUNN**. A copy of DUNN's Request for Entry of Default against HANNAH is attached to the Brown Dec. as Exh. "B." Nevertheless, counsel for DUNN and COLORADO did not alert the Court to this fact and apparently **intentionally blended DUNN and COLORADO together in all remaining pleadings as "Cross-Claimants."** In fact, in Doc. No. 294, DUNN and COLORADO's counsel incorrectly certifies to the Court that DUNN **and** COLORADO had filed a Request for Entry of Default. Brown Dec. Exh. "C." Obviously, this Court should not issue an Order defaulting HANNAH as to DUNN **and** COLORADO, when COLORADO never filed a Cross-Claim against HANNAH.

As such, this Court should not accept Findings and Recommendation granting relief to COLORADO against HANNAH when COLORADO never filed and/or served a Cross-Claim against HANNAH. One cannot default a party on a cross-claim if such cross-claim was never made and served. *See* Consteel Erectors, Inc. v. Scharpf's Const., Inc., 2009 WL 115720, *1 (D.Neb., 2009) ("If the party against whom a default judgment is sought has incurred no obligation under the Federal Rules of Civil Procedure to 'plead or otherwise defend' the action, the district court does not abuse its discretion in refusing to grant such relief.")

    **B.**    **The Proposed Finding In Paragraph A Impermissibly Limits The Plaintiffs' Recovery To HANNAH And Not DUNN And COLORADO.**

First, as mentioned, this section is improper as to COLORADO since COLORADO did not file a Cross-Claim.

The second reason this section of the Findings and Recommendation should not be accepted is that it impermissibly limits Plaintiffs' recovery rights to recover against DUNN and

3

COLORADO. Plaintiffs object to the following specific paragraphs of the Findings and Recommendation:

> A. <u>That if Plaintiffs</u> are entitled to judgment or any other forms of relief arising from the subject matter of this litigation, such judgment or relief be rendered against Hannah, and not <u>against the Cross-claimants;</u>

Findings and Recommendation at p. 7, ¶ A, Brown Dec. Exh. "A" (emphasis added).

At this stage of the case, the Court should not issue any ruling limiting the jury's ability to award a Judgment to Plaintiffs against either DUNN and/or COLORADO. This Court certainly can default HANNAH if it so chooses. However, it should not issue an Order stating that Plaintiffs' Judgment be rendered against HANNAH <u>and not against DUNN and COLORADO</u> since HANNAH, DUNN, and COLORADO are jointly and severally liable in this action. This section of the Findings and Recommendation is an impermissible attempt by DUNN and COLORADO to insulate themselves from liability to Plaintiffs, while shifting their joint and several liability to HANNAH (who is likely judgment proof). Clearly, Plaintiffs' right to recover against DUNN and COLORADO should not be limited simply because a co-defendant (HANNAH) defaulted.

> Indeed, The Hawaii District Court found as follows:
>
> In <u>Frow v De La Vega</u>, 82 U.S. 552 (1872), the Supreme Court held that under certain circumstances, the court should not enter a default judgment against one defendant which would be inconsistent with judgment on the merits in favor of the answering defendants. Specifically, <u>Frow</u> found that **"where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."** <u>In re First T.D.& Inv., Inc.,</u> 253 520, 532 (9th Cir., 2001)(citing <u>Frow</u>, 82 U.S. at 554).

<u>Valvanis v. Milgroom,</u> 2008 WL 2150952, *3 (D.Hawaii, May 20, 2008) (emphasis added).

4

Moreover, "[T]he Ninth Circuit recognizes that <u>Frow's</u> reasoning is not limited to claims asserting joint liability, but may extend to defendants who are "similarly situated." <u>Id</u>. citing <u>In re First T.D.& Inv., Inc.</u>, 253 F.3d at 532.

Further, The Ninth Circuit explained in <u>In re Hawaii Federal Asbestos Cases</u>:

> The jury had made this assessment of responsibility pursuant to the provisions of Hawaii's Uniform Contribution Among Tortfeasors Act, <u>Haw.Rev.Stat. § 663-11 et seq.</u>, which allows a defendant who pays the whole of a judgment to recover from her fellow defendants that share of the award which a jury has attributed to them. As the Hawaii Supreme Court made clear in <u>Peterson v. City and County of Honolulu</u>, 51 Haw. 484, 462 P.2d 1007, 1008 (1970), this Act while "provid[ing] for apportionment of the common liability of each defendant toward the plaintiff . . . **does not affect the joint and several liability of each defendant toward plaintiff**."

<u>In re Hawaii Federal Asbestos Cases</u>, 960 F.2d 806, 818 (C.A.9 (Hawaii, 1992) (emphasis added).

Here, Paragraph A of the Findings and Recommendation would affect the liability of each Defendant toward Plaintiff and impermissibly limit Plaintiffs' recovery from DUNN. Since DUNN, COLORADO, and HANNAH are joint and severally liable (or at the very least Defendants who are "similarly situated"), the Court should not enter a default judgment against HANNAH until the matter has been adjudicated as to DUNN and COLORADO (especially a default judgment that renders HANNAH liable but for damages and absolves DUNN and COLORADO entirely).

Indeed, it is doubtful that the Honorable Magistrate Judge Barry M. Kurren intended Paragraph A of the Findings and Recommendation to be a blanket limitation on an award of Judgment or relief to Plaintiffs against DUNN and COLORADO since such blanket prohibition actually would contradict Paragraphs C and D of the Findings and Recommendation which contemplates an allocation, contribution, and/or indemnity (in the event DUNN, COLORADO, and HANNAH are determined to be joint tort feasors). Obviously, Paragraphs C and D would be

5

meaningless if Plaintiffs are prohibited from recovery against DUNN and COLORADO (as stated in Paragraph A of the Findings and Recommendation).

Moreover, "even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit mere conclusions of law." Consteel Erectors, Inc. v Scharpf's Construction, Inc., 2008 WL 4568079, * 2 (D. Neb., 2008) citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (2008); *see also* Trans World Airlines, Inc. v Hughes, 449 F.2d 51, 73-74 (2d Cir., 1971) (A defaulted party "neither admits any legal arguments made in the pleadings nor requires the court to award a judgment for legally unsound claims"); Cooper v. Faith Shipping, 2009 WL 1789405 *3 (E.D.La. 2009) citing Thomson v. Wooster, 114 U.S. 104, 111 (1885) ("the defaulting defendant 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'").

Here, HANNAH did not admit any facts contained in DUNN's Cross-Claim because the allegations in DUNN's Cross-Claim **were all legal conclusions**. Cross-Claim ¶¶ 14-17; a copy of Defendant Jerry Dunn's Cross-Claim Against Defendants Lone Oak Land Development Company, L.P., Lone Oak Land Management, LLC, C.M.D. Management, Inc., 3D Resorts, Inc., William Hannah, and Bank of America, N.A. is attached to the Brown Dec. as Exh. "__." As such, this Court should not render a blanket default judgment whereby only HANNAH (and not DUNN and COLORADO) is deemed liable to Plaintiffs since HANNAH cannot admit to conclusions of law (i.e. "DUNN was in no way negligent or at fault…" (Cross-claim ¶16, Brown Dec. Exh. "G")).

### C. The Proposed Findings Contained in Paragraphs A, B, C, and D Impermissibly Allows COLORADO and DUNN To Shift Joint Tortfeasor Liability And Vicarious Liability To An Employee, HANNAH

Plaintiffs object to the Findings and Recommendation in Paragraphs A, B, C and D because DUNN and COLORADO cannot shift joint tortfeasor liability or vicarious liability to an employee. The remaining Paragraphs B, C, and D states as follows:

> B.   That if it be determined that Plaintiffs are entitled to judgment against the Cross-claimants, then the Cross-claimants have judgment over and against Hannah, for the full amount of any such judgment or other relief awarded to Plaintiffs together with reasonable attorneys' fees, costs, and expenses of suit;
>
> C.   That if it be determined that the Cross-claimants are, in any way, joint tortfeasors or otherwise co-obligors for damage or relief, if any, to Plaintiffs, then the allocation of fault of the Cross-claimants and Hannah be determined and the Cross-claimants have judgment against Hannah, for any excess which may be paid by the Cross-claimants over and above its allocated share of any judgment or relief, if any; and
>
> D.   That the Cross-claimants have judgment over and against Hannah for indemnification, contribution, subrogation, and/or reimbursement for the entire amount of the Plaintiffs' judgment, if any, rendered against Crossclaimants together with expenses, costs and attorneys' fees.

Findings and Recommendation at ¶¶ B, C and D, Brown Dec. Exh. "A."

First, as mentioned, the these sections are improper as to COLORADO since COLORADO did not file a Cross-Claim.

Second, this type of liability shifting cannot be accomplished simply by defaulting HANNAH. Most of the allegations against DUNN and COLORADO are for claims for which DUNN and COLORADO will not be able to shift liability to an alleged joint tortfeasor (i.e. H.R.S. 480-17, intentional torts, fraud). <u>Whirlpool Corp. v. Citigroup/Business Credit, Inc.</u>, 293 F.Supp.2d. 1144, 1151 (D.Haw., 2003) (Contribution and indemnity is prohibited between intentional tortfeasors). Moreover, there is no implied or express right to indemnification between COLORADO or DUNN and HANNAH.

7

Third, DUNN was the controlling party for an entity for whom HANNAH was an employee. This Court should not enter a finding assisting DUNN with shifting blame for DUNN's conduct to one of the employees for the entity he controlled. Indeed, since HANNAH is deemed to have admitted to liability as a result of his default (Findings and Recommendation pp 4-5), it is equally arguable that COLORADO and/or DUNN should also be found liable to Plaintiffs under vicarious liability/ respondeat superior rather than be absolved from liability. Norfolk & Wester Ry. Co. v Central States Trucking Co., 1998 WL 26175, *4 (N.D.Ill., 1998).

"An employer is vicariously liable for the torts of its employees committed within the scope of the employment." Inter Mountain Mortg., Inc. v. Sulimen, 78 Cal.App.4th 1434, 1440 (Cal.App. 4 Dist., 2000) (quoting Lisa M. v. Henry Mayo Newhall Memorial Hospital, 12 Cal. 4th 291, 296 (1995). As will be demonstrated at trial, HANNAH committed numerous torts against Plaintiffs during the scope of his employment for DUNN and COLORADO. Thus, DUNN and COLORADO will be held vicariously liable for HANNAH's misdeeds. This Court should not allow DUNN and COLORADO to undermine long established law and escape liability via a default judgment against HANNAH.

> D. **The Proposed Finding Contained in Paragraphs B and D Impermissibly Apportions Damages So That HANNAH Will Be Solely And/Or Entirely Liable For Any Judgment Found In Plaintiffs' Favor.**

First, as mentioned, these sections are improper as to COLORADO since COLORADO did not file a Cross-Claim.

Second, admittedly, with respect to a specific count in the First Amended Complaint (negligent misrepresentation), the Trial Judge may decide to allow the Jury to apportion the shares of blame between the respective Defendants. However, a determination that DUNN and COLORADO are entitled to the "full amount of any such judgment" (Findings and

8

Recommendation, ¶ B, Brown Dec. Exh. "A") or "for the entire amount of the Plaintiffs' judgment" (Id., ¶ D) from HANNAH is an impermissible determination of damages at default without evidence. Geddes v United Financial Group, 559 F.2d 557, 560 (C.A.Or., 1977)("Factual allegation of the complaint, **except those relating to the amount of damages**, will be taken as true.") (emphasis added). As such, the Court must conduct a hearing on the issue of damages **before** entering a judgment by default.

The Trial Court's decision on whether to allow such an instruction to the jury will be made after it has been fully briefed by the parties, and following a determination by the Trial Court as to whether to allow jury instructions for apportionment of the relative shares of liability by the parties for each specific cause of action. The Jury will then make a determination of what, if any, apportionment is appropriate and, if so, the amount of such apportionment. The Findings and Recommendation impermissibly would remove this determination from consideration by the Jury. As such, Paragraphs B and D of the Findings and Recommendation determining the amount of damages HANNAH is allegedly liable for is improper and should not be inserted into the Findings and Recommendation.

In addition, with regards to Paragraph D, the amount of DUNN and COLORADO's judgment against HANNAH, if any, must also be determined by the Jury. The Findings and Recommendation asks the Court to impermissibly find, as a matter of law, that DUNN and COLORADO already "have judgment over and against HANNAH for indemnification, contribution, subrogation and/or reimbursement [including attorneys fees and costs]." As such, before this Court makes any finding that "indemnification, contribution, subrogation and/or reimbursement" is warranted from any party, there should be briefing on the subject and DUNN

9

and COLORADO should provide the Court with actual evidence that creates their right to "indemnification, contribution, subrogation and/or reimbursement."

Indeed, DUNN did not even allege in his Cross-Claim that HANNAH agreed to indemnify DUNN. As such, there is no evidence of an implied or express right to indemnification in favor of DUNN by HANNAH. Moreover, assuming *arguendo* that DUNN and COLORADO was entitled to indemnification from HANNAH, COLORADO and DUNN has to "come forward with any evidence of the proper indemnification amount" before the Court can award indemnification for the full amount of the Judgment against HANNAH. See Guarantee Co. North America USA v. Gadcon, Inc., 2010 WL 1382343, *3-4 (S.D.Ala. 2010).

Further, Plaintiffs assert that there are few, if any, claims contained in the Complaint against COLORADO or DUNN that would create a right of "indemnification, contribution, subrogation, or reimbursement" against HANNAH. This Court should not extend rights of recovery to DUNN and COLORADO that they do not already legally possess through an independent cause of action.

### E. The Court Should Not Make Any Factual Findings As A Result Of HANNAH's Default.

Another reason the Findings and Recommendation should be denied is that it is a transparent effort by DUNN and COLORADO to illicit from this Court "Factual Findings" that DUNN and COLORADO will never actually be able to establish through admissible evidence at trial. Given the correspondence already in evidence before the Court indicating DUNN's use of HANNAH to manipulate these proceedings[2] – this Court should be skeptical of issuing any

---

[2] In Plaintiffs' Position Statement, Plaintiffs notified the Court of the following letter: DUNN's letter to William Palmer dated January 28, 2008 which was attached to the Purchase and Sale Agreement of DUNN's interests in the Villages of Lone Oak by Defendant/Counterclaimant/Cross-Claim Defendant 3D RESORTS, INC. ("3D") (the "January 28 Letter"). DUNN's January 28 Letter stated, in pertinent part, as follows:

10

rulings that usurp the province of the Trial Court and the Jury (and compromise the rights of the Plaintiffs).

The Findings and Recommendation states "An uncontested Entry of Default is deemed an admission of the factual allegations in the Cross-claim." Findings And Recommendation at 4. The Court should take note that <u>there are actually no factual allegations against HANNAH</u> alleged in DUNN's Cross-Claim. Cross-Claim, Brown Dec. as Exh. "G." Admittedly, in the Findings and Recommendation, DUNN and COLORADO cite authority for the general proposition that "defendant is deemed to admit every well pleaded allegation in the complaint." However, since there are no "well pleaded" allegations in the DUNN Cross-Claim (and COLORADO did not file a Cross-Claim), this authority is not relevant. Indeed "the defaulting defendant 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" <u>Cooper v. Faith Shipping</u>, 2009 WL 1789405 *3 (E.D.La. 2009) (citing <u>Thomson v. Wooster</u>, 114 U.S. 104, 111 (1885); <u>Consteel Erectors, Inc. v Sharpf's Construction, Inc.</u>, 2008 WL 4568079, *2 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (2008) ("Even after default, however, it remains for the court to consider

---

(continued)

> This suit was originally brought in the circuit court for the 5th Circuit for Hawaii which is in fact the island of Kauai. Tachibana is well known on the island of Kauai and I think he felt he could put pressure on us by having this suit filed in Kauai. We hired the law firm of Goodsill Anderson Quinn & Stifel, a well-recognized firm in Honolulu, to help us with this case. In analyzing the matter, we decided that an answer should be filed for Colorado Mountain Development, Lone Oak Land Development Company, and a separate answer filed for Billy Hannah. They recommended a small firm, Lyle Hosoda, to represent Hannah. We have paid the expenses for that representation since Hannah had no money, but we felt it would be a good idea to separate ourselves from him at that point.
>
> We filed an answer and cross-claim against Hannah and then for the next several months there was a substantial amount of work done in trying to move the case to the Federal District Court in Honolulu . . .

*See* Letter from DUNN to William Palmer dated January 28, 2008 attached Exh. "B" to the Declaration of Philip R. Brown dated March 11, 2010 in support of Plaintiffs' Statement of Position Re Cross-Claimants Motion for Default Judgment Against Cross-Claim Defendant William Hannah Filed On February 24, 2010 (filed on March 11, 2010).

11

whether the unchallenged facts constitute a legitimate cause of action, since a party to default does not admit mere conclusions of law."); Trans World Airlines, Inc. v Hughes, 449 F.at 73-74 (A defaulted party "neither admits any legal arguments made in the pleadings nor requires the court to award a judgment for legally unsound claims"). The allegations in DUNN's Cross-Claim are only conclusions of law. Cross-Claim, Brown Dec. as Exh. "G."

Moreover, although the Motion for Default was filed on behalf of DUNN **and** COLORADO, the Cross-Claim in this case was only filed by DUNN. *See* Id. Obviously, if COLORADO never filed a cross-claim against HANNAH, there were no COLORADO allegations for which HANNAH was obligated to respond.

As such, Plaintiffs object to the section of the Findings and Recommendation which states as follows:

> . . . the Court FINDS that Cross-claim Defendant William Hannah ("Hannah") has admitted the allegations against him by failing to respond to Jerry Dunn and Colorado Mountain Development, Inc.'s ("Cross-claimants") Motion for Default Judgment filed on February 24, 2010 [3]

Findings and Recommendation at 2 and 3, Brown Dec. Exh. "A" (capitalization in original; underscoring added).

### F.    There Were No "Relevant Cases" Cited In The Motion.

Additionally, the "Relevant Cases" section of the Findings and Recommendation is a transparent attempt to establish "proof" of "facts" by DUNN and COLORADO that they will never actually be able to prove at the trial of this case (particularly when HANNAH has already signed Admissions in this case). Obviously, this Court should not find that DUNN and COLORADO have proven anything, particularly when the DUNN and COLORADO offered no

---

[3] Obviously, HANNAH was not obligated to respond to COLORADO's Motion, since it never filed a Cross-Claim against HANNAH.

actual evidence or case law in support of DUNN and COLORADO's motion for default judgment (and COLORADO has not even filed a Cross-Claim).

### G. There Should Be No Award Of Attorneys' Fees On the Default.

Plaintiffs object to the blanket Findings and Recommendation that "Cross-claimants are entitled . . . the reasonable attorneys fees and costs" against HANNAH. Findings and Recommendation p. 8, ¶ D, Brown Dec. Exh. "A." DUNN and COLORADO did not file any Cross-Claim against HANNAH that, under Hawaii law, would allow them to recover their attorneys fees against HANNAH. Certainly, there was no such legal theory identified by the movants in the pleadings or in the Motion for Default. This Court should not create a right to a recovery of attorneys fees for DUNN or COLORADO that is not permissible under Hawaii law.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (i) reject the Findings and Recommendation Granting Cross-Claimants Jerry Dunn and Colorado Mountain Development, Inc.'s Motion for Default Judgment Against Cross-Claim Defendant William Hannah Filed February 24, 2010 (#397) (filed on May 11, 2010) and (ii) adopt Plaintiffs' Proposed Findings and Recommendation Granting Cross-Claimants Jerry Dunn and Colorado Mountain Development, Inc.'s Motion for Default Judgment Against Cross-Claim Defendant William Hannah Filed February 24, 2010 which is attached to the Brown Dec. as Exh. "H."

DATED: Honolulu, Hawaii, May 25, 2010.

*/s/ Philip R. Brown*
PHILIP R. BROWN
EFFIE STEIGER
Attorneys for Plaintiffs
LAWRENCE TACHIBANA, LISA TACHIBANA, ALBERT LEONG, ROGER BRAUN, ROBERT R. BRAY, JOHANNE BRAY, and Counterclaim Defendants LAWRENCE TACHIBANA and LISA TACHIBANA

13