# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE TACHIBANA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 07-CV-00364 |
| COLORADO MOUNTAIN DEVELOPMENT, INC., et al., | ) Hon. Marvin E. Aspen |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Presently before us is Plaintiffs' timely-filed objection to Magistrate Judge Kurren's May 10, 2010 order, entering default judgment against Defendant William Hannah on the cross-claim brought by Defendant Jerry Dunn. (Dkt. No. 397.) Judge Kurren adopted a Findings and Recommendations proposal ("Recommendation") prepared by Dunn and Defendant Colorado Mountain Development, Inc. ("CMD"). Although Plaintiffs concede that Hannah's failure to answer the cross-claim warrants default, they object to the scope of the Recommendation. (Dkt. No. 409.) After reviewing all of the relevant procedural history, briefs and supporting documentation, we hereby sustain the objection and modify Judge Kurren's Recommendation.

## BACKGROUND

Dunn filed a cross-claim against Hannah on September 14, 2009, seeking indemnification, contribution, subrogation and/or reimbursement for any judgment recovered by Plaintiffs against Dunn. (Dkt. No. 177, Cross-cl. ¶ 17.) The cross-claim was served by mail on Hannah's then-attorney Lyle Hosoda. (*See id.*) One week later, Hosoda filed a motion to

withdraw for unpaid bills, (Dkt. No. 180), which was granted, (Dkt. No. 189).[1]  Hannah subsequently failed to answer or otherwise respond to Dunn's cross-claim.

On February 12, 2010, Dunn filed a Request for Entry of Default against Hannah, which was served by mail on Hannah, and the Clerk of the Court entered the default that day.  (*See* Dkt. Nos. 291, 294.)  On February 24, 2010, Dunn and CMD filed a Motion for Default Judgment against Hannah, which was again served on Hannah by mail.  (Dkt. No. 297.)  As with the cross-claim, Hannah never responded to the Motion for Default Judgment.  Plaintiffs opposed the default judgment, however, suspecting Dunn and CMD of gamesmanship.  (*See* Dkt. No. 308.)

Judge Kurren held a hearing on the motion on April 2, 2010, which Hannah failed to attend.[2]  At the hearing, Judge Kurren ordered Dunn's lawyer to prepare proposed Findings and Recommendations.  (*See* Dkt. No. 344.)  Judge Kurren signed the proposal as submitted, over

---

[1] CMD and Defendant Lone Oak Land Development Company, L.P. ("Lone Oak") initially agreed to pay for Hannah's attorney and retained Hosada.  (*See* Pls.' Suppl. Mem., Dkt. No. 439, Ex. 1, Hannah 6/29/10 Dep. at 213–15.)  Dunn and/or these entities decided to "separate [them]selves from [Hannah]" and ceased payment around the time Dunn filed the cross-claim.  (Pls.' Facts in Opp. Dunn MSJ, Ex. 25 at 25–27, Dkt. No. 437-26, 2/28/08 Dunn Ltr. to Palmer (explaining that "we have paid the expenses for that representation since Hannah had no money, but we felt it would be a good idea to separate ourselves from him at that point").)

[2] Hannah later testified that he did not receive notice of the cross-claim or default proceedings.  (Pls.' Suppl. Mem., Ex. 1, Hannah 6/29/10 Dep. at 219–20, 222–23.)  It appears that the Clerk's office did not have the correct address for Hannah at that time.  The Clerk's office was sending Hannah notices at a 16th Street address in Loveland, Colorado, when he apparently had moved to an address on Arthur Avenue, which is now reflected in the docket.  The Clerk's office sent numerous orders—including the Recommendation—and other documents to the outdated 16th Street address, all of which were returned as undeliverable.  (*See, e.g.*, Dkt. Nos. 374–76, 384, 393, 400, 402, 405, 412, 415.)  Nonetheless, Dunn and CMD knew where to reach Hannah, as they used the Arthur Avenue address to serve motions, including the Request for Entry of Default and Motion for Default Judgment.  (Dkt. No. 294, 294.)  The parties also arranged for Hannah's deposition thereafter, in June 2010.  We assume that this issue has been resolved.

Plaintiffs' objection. (*See* Dkt. No. 369 & Ex. A; *see also* Dkt. No. 397.) Plaintiffs then filed the pending objection to Judge Kurren's Recommendation. (Dkt. No. 409.)

## DISCUSSION

### I.     *Default Judgment in Favor of CMD*

Plaintiffs rightly point out in their objection that CMD moved for default judgment despite the fact that it neither filed a cross-claim against Hannah, nor filed a Request for Entry of Default with the Clerk's office. (*See* Dkt. Nos. 177, 291, 297.) Under these circumstances, CMD is not entitled to a default judgment. Accordingly, we reject Judge Kurren's Recommendation as to CMD.

### II.    *Default Judgment in Favor of Dunn*

We further agree with Plaintiffs that, although Hannah undoubtedly defaulted, we are in no position to issue a default judgment awarding Dunn any particular remedy. Hannah's failure to respond to the cross-claim may have resulted in the admission of any well-pleaded facts contained therein, but it did not establish any measure of damages. *See* Fed. R. Civ. P. 8(b)(6) (explaining that unanswered allegations, except "those relating to the amount of damages," are deemed admitted). Dunn must come forward with evidence to support any claim against Hannah for damages or other remedies, which cannot occur unless and until liability and damages are imposed against Dunn himself in the underlying lawsuit. *See* Fed. R. Civ. P. 55(b)(2). Accordingly, while we enter a default judgment, we delay the prove-up of damages until a later date. *Id.* (providing that we may hold any hearings necessary to affix damages or otherwise investigate matters concerning a default judgment).

**CONCLUSION**

As set forth above, we adopt in part Judge Kurren's Recommendation that we enter a default judgment against Hannah. We reject the Recommendation to the extent that it purported to grant default judgment in favor of CMD. We enter the default judgment only in favor of Dunn but decline to address the scope of appropriate remedies at this time. We will revisit this issue if and when it ripens. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:    Chicago, Illinois
          April 5, 2011